UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JASON L. SANDERS,

            Plaintiff,

v.

UNKNOWN MATCHINSKI et al.,

            Defendants.

_____/

Case No. 2:25-cv-211

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 11.)

Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendant has not yet been served, the undersigned concludes that the defendant is not presently a party whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Plaintiff's initial complaint requested leave to proceed *in forma pauperis* in this matter. (ECF No. 1.) Plaintiff claims that he was in imminent danger of serious physical injury at the time he filed his initial complaint and that he should be permitted to proceed *in forma pauperis* because of that danger. Assessing that claim, however, requires a determination of precisely what allegations are properly before the Court.

Plaintiff filed his initial complaint—the document that first sought leave to proceed *in forma pauperis*—on August 18, 2025. However, Plaintiff failed to submit the affidavit and account statement required to support such a request.

Plaintiff filed the requisite affidavit, signed August 25, 2025, and account statement a week after he filed his complaint. (ECF No. 6.) At that time he also filed a motion to amend/correct his complaint (ECF No. 5) and a motion to appoint counsel with a supporting brief (ECF Nos. 5, 7.) Plaintiff proposed an amendment to his complaint for the purpose of naming the Defendants that he had initially identified as John Does. (ECF No. 5, PageID.15.)

Leave of court was not required for Plaintiff to file his proposed amendment. Under Federal Rule of Civil Procedure 15(a), Plaintiff was entitled to file one amendment as a matter of course while his complaint awaited screening.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

About one week after Plaintiff filed his motion to amend and motion to appoint counsel, Plaintiff filed a motion for temporary restraining order with a supporting declaration. (ECF Nos. 9, 10.) Days later, Plaintiff filed another motion for leave to proceed *in forma pauperis* with the required affidavit, but without the required account statement. (ECF No. 12.)  At that time, he also filed a motion for summary judgment. (ECF No. 13.)

A week later, Plaintiff filed a document purporting to be an amended complaint. (ECF No. 14.) In fact, however, the document Plaintiff filed included many allegations of events that occurred after he filed his initial complaint; thus, the document was in fact a supplemental complaint filed without leave of court.

Four weeks after filing his supplemental complaint without leave, Plaintiff advised the Court that he had been transferred to the St. Louis Correctional Facility. Since the transfer, Plaintiff has filed another supplemental complaint without leave. (ECF No. 19.)

Supplemental pleadings are governed by Federal Rule of Civil Procedure 15(d), which allows a court to permit a party to serve a supplemental pleading "setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff may not supplement his pleading "as of right;" he must seek leave of court by motion. Here, Plaintiff simply filed his supplements. They are not properly before the Court and the Court will not consider them when addressing Plaintiff's request for leave to proceed *in forma pauperis*.

As set forth below, Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not

4

permitted to proceed *in forma pauperis*.[2] Accordingly, Plaintiff's various motions will be denied

as mott and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996),

which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request

for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was

"aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and

the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106

F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt

a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for

the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner

may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality

of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by

preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files

meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under [the section governing proceedings *in forma pauperis*] if the
> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

which relief may be granted, unless the prisoner is under imminent danger of
serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and

unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of

Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous,

malicious or failed to state a claim. *See, e.g., Sanders v. Washington*, No. 1:21-cv-1091 (W.D.

Mich. Jan. 27, 2022); *Sanders v. Washington*, No. 1:21-cv-510 (W.D. Mich. Feb. 25, 2022);

*Sanders v. Washington*, No. 1:21-cv-54 (W.D. Mich. Mar. 19, 2021). Additionally, Plaintiff

previously has been denied leave to proceed *in forma pauperis* because he has accrued at least

three strikes. *See Sanders v. Treptow*, No. 1:22-cv-956 (W.D. Mich. Dec. 5, 2022); *Sanders v.*

*Macauley*, No. 1:22-cv-363 (W.D. Mich. June 13, 2022); *Sanders v. Chapman*, No. 1:22-cv-362

(W.D. Mich. June 13, 2022); *Sanders v. Tenerella*, No. 1:22-cv-252 (W.D. Mich. Apr. 14, 2022);

*Scott v. Washington*, No. 22-1979 (6th Cir. July 7, 2023); *Sanders v. Lamb*, No. 1:25-cv-598 (W.D.

Mich. June 25, 2025).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the

three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general

requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or
> prison condition must be real and proximate and the danger of serious physical
> injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x
> 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's

6

assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff complains that he was without his CPAP machine or inhaler from August 12, 2025, through August 18, 2025. (Compl., ECF No. 1.) Plaintiff reports that, as a result, he suffered difficulty breathing, chest pains, headaches, and dizziness. (*Id*., PageID.4, 5.)

Where Plaintiff raised an identical claim in support of a motion for leave to proceed *in forma pauperis*, the Sixth Circuit Court of Appeals rejected it. The Sixth Circuit determined that Plaintiff's complaints regarding those symptoms did not support the existence of an imminent danger of serious physical injury, stating:

"Serious" injuries have "potentially dangerous consequences such as death or severe bodily harm." *Gresham*, 938 F.3d at 850. Conditions causing "discomfort and pain" but no more, such as "chest pains," "seizures," and "dizziness," do not suffice. *Id*.; *see also Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017)

7

(struggling to breathe rarely amounts to imminent serious physical injury). Here, Sanders's alleged symptoms—including chest pains, dizziness, headaches, and difficulty breathing, among others—are not "serious" within the meaning of § 1915(g). As a result, Sanders cannot qualify for IFP status.

*Scott v. Washington*, No. 22-1979, at pp. 1–2 (6th Cir. July 7, 2023).

Because Plaintiff fails to allege any facts showing that he was in imminent danger at the time he filed this lawsuit, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore deny Plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 2, 9), and dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

Plaintiff's motion to amend his complaint to identify the John Doe Defendants (ECF No. 5), his motion to appoint counsel (ECF No. 7), his motion for temporary restraining order (ECF No. 9), and his motion for summary judgment, (ECF No. 13), will be denied as moot.

<u>**Conclusion**</u>

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3] The Court will deny as moot Plaintiff's motion to amend his complaint to identify the John Doe Defendants (ECF No. 5), his

---

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

motion to appoint counsel (ECF No. 7), his motion for temporary restraining order (ECF No. 9), and his motion for summary judgment, (ECF No. 13).

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:  April 7, 2026                          /s/ *Maarten Vermaat*
                                               Maarten Vermaat
                                               United States Magistrate Judge

9